IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>(Greenbelt Division)</u>

| | | |
|---|---|---|
| **In re:** | * | |
| **SDI PROPERTIES, LLC,** | * | Case No. 20-20650-LSS |
| | | Chapter 7 |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**THIRD INTERIM AND FINAL APPLICATION OF MILES & STOCKBRIDGE P.C.
FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS COUNSEL FOR
PATRICIA B. JEFFERSON, AS CHAPTER 11 TRUSTEE AND CHAPTER 7 TRUSTEE**

| | |
|---|---|
| Name of Applicant: | Miles & Stockbridge P.C. |
| Authorized to Provide Professional Services to: | Patricia B. Jefferson, Chapter 11 Trustee and Chapter 7 Trustee |
| Date of Retention: | March 18, 2021 (Pursuant to Order Entered April 13, 2021) |

| | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought: | January 1, 2022- July 26, 2024 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $240,749.00[1] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 12,164.24 |

DATE: November 15, 2024    /s/ Patricia B. Jefferson
Patricia B. Jefferson
Fed. Bar No.: 27668
Miles & Stockbridge P.C.
100 Light Street, 10th Floor
Baltimore, Maryland 21202
Tel.: (410) 727-6464
Email: pjefferson@milesstockbridge.com

*Counsel for the Chapter 7 Trustee*
*(formerly Chapter 11 Trustee)*

---

[1] The fees requested reflect a voluntary reduction of $55,760, or 18.8% of total fees for the Application Period.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| SDI PROPERTIES, LLC, | * | Case No. 20-20650-LSS<br>Chapter 11 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIRD INTERIM AND FINAL APPLICATION OF MILES & STOCKBRIDGE P.C.
FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS COUNSEL FOR
PATRICIA B. JEFFERSON, AS CHAPTER 11 TRUSTEE AND CHAPTER 7 TRUSTEE**

Miles & Stockbridge P.C. ("M&S" or "Counsel"), counsel to Patricia B. Jefferson, as Chapter 11 Trustee and Chapter 7 Trustee ("Trustee"), pursuant to Sections 330 and 331 of the United States Bankruptcy Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby applies for interim allowance of compensation for services rendered and expenses incurred as counsel for the Trustee for the period from January 1, 2022 through July 26, 2024 (the "Third Interim Application Period"). M&S seeks interim allowance of $240,749 as fees for services rendered (which reflects a discretionary reduction of $55,760.00, and $12,164.24 as reimbursement of expenses incurred, during the Third Interim Application Period.

By this Application, M&S also seeks final allowance and authorization of payment of legal fees in the amount of $111,270.50 and reimbursement of expenses in the amount of $2,565.05 which were approved by Orders entered on December 27, 2021 (Dkt. No. 222) and December 27, 2022 (Dkt. No. 282).

3

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**Background**

3. On December 8, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On March 18, 2021, the Court entered an Order Approving the Appointment of Patricia B. Jefferson as the Trustee.

5. No committee of unsecured creditors was appointed by the Office of the United States Trustee.

6. This case was a case under Chapter 11 until it converted to chapter 7 on July 5, 2022. Patricia B. Jefferson has been appointed as Chapter 7 Trustee in the converted case.

**Miles & Stockbridge's Retention**

7. On March 24, 2021, the Trustee filed her Application for an Order Authorizing the Retention and Employment of Miles & Stockbridge P.C. as Counsel for the Trustee [Docket No. 90].

8. On April 13, 2021, the Court entered and granted the Trustee's Application to employ M&S as counsel, effective as of the date that M&S began work on this case [Docket No. 109] (the "Retention Order").

9. As of the filing of this Application, during the Third Interim Application Period, the Trustee has not paid M&S any fees for services rendered or costs incurred during the Third Interim

4

Application Period. No agreement or understanding exists between M&S and any other entity for the sharing of compensation to be received for services rendered in, or in connection with, these cases.

**Legal Standard**

10. Section 330(a)(1) of the Bankruptcy Code provides that the Court may award attorneys for the estate reasonable compensation for actual and necessary services. 11 U.S.C. § 330(a)(1). Section 330(a)(3) provides that, in considering the amount of reasonable compensation, the Court should consider the nature, extent and value of the services rendered. Id. at § 330(a)(3).

11. Section 331 authorizes the Court, after notice and hearing, to allow interim compensation to attorneys for the estate. 11 U.S.C. § 331.

12. Bankruptcy Rule 2016(a) requires entities seeking interim or final compensation for services, or reimbursement of necessary expenses, to file an application setting forth "(1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Bankruptcy Rule 2016(a). The Compensation Guidelines contained in Exhibit D of the Local Rules (the "Guidelines") set forth the required contents of professional fee applications in bankruptcy cases pending in this Court.

13. In addition to requiring detailed descriptions of the services rendered, the Guidelines specifically require the applicant to include a "lodestar" analysis, discussing the factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) ("Johnson") and adopted by the Fourth Circuit in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978), Anderson v. Morris, 658 F.2d 246 (4th Cir. 1981), and Harman v. Levin, 772 F.2d 1150 (4th Cir. 1985).

14. The twelve "lodestar" factors adopted by the Fourth Circuit are:

    (a)    the time and labor expended;

    (b)    the novelty and difficulty of the questions raised;

    (c)    the skill required to properly perform the legal services rendered;

    (d)    the attorney's opportunity costs in pursuing the matter;

    (e)    the customary fee for like work;

    (f)    the attorney's expectations as to compensation at the outset of the matter;

    (g)    the time limitations imposed by the client or circumstances;

    (h)    the amount in controversy and the results obtained;

    (i)    the experience, reputation and ability of the attorney;

    (j)    the desirability or undesirability of the case within the legal community in which the suit arose;

    (k)    the nature and length of the professional relationship between attorney and client; and

    (l)    attorney's fees awards in similar cases.

Johnson, 488 F.2d at 717-18.

**Description of Services Rendered and Time Expended**

15. The hours spent by M&S in this case during the Third Interim Application Period are as follows:

| Name | Position | Number of Hours | Hourly Rate | Total Compensation |
|---|---|---|---|---|
| Bradford Bernstein | Principal | 0.9 | $595 | $535.50 |
| Patricia B. Jefferson | Principal | 29.5 | $575 | $16,962.50 |
| Patricia B. Jefferson | Principal | 41.1 | $650 | $26,715.00 |

6

| Emily Devan | Associate | 202.9 | $475 | 96,377.50 |
| Emily Devan | Counsel | 264.2 | $525 | $138,705.00 |
| Emily Devan | Counsel | 11.9 | $595 | $7,080.50 |
| Jessica Duvall | Associate | 16 | $425 | $6,800.00 |
| Addison Chappell | Associate | 3 | $365 | $1,095.00 |
| Addison Chappell | Associate | 1.3 | $395 | $513.50 |
| Robert Ashlock | Paralegal | 2 | $145 | $290.00 |
| Laura Runyeon | Paralegal | 3.1 | $325 | $1,007.50 |
| Jody Darrell | Paralegal | 1.5 | $265 | $397.50 |
| Renee Coolbaugh | Paralegal | 0.1 | $295 | $29.50 |
| **Total** | | **577.5** | | **$296,509.00** |
| | | | | |

17. M&S devoted a total of 577.5 hours in providing legal services to the Trustee in this case during the Third Interim Application Period. Multiplying these hours by M&S's hourly rates shown above, which M&S customarily charges for comparable cases and services, results in fees of $296,509.00. Based on its billing judgment, M&S requests the sum of $240,749.00 in fees for its services during the First Interim Application Period, reflecting an aggregate reduction of $55,760, or 18.8%. The blended hourly rate, reached by dividing the total fees requested by the total hours expended is $420.34.

18. M&S has divided the services provided into the following categories: (1) Case Administration; (2) Sales of Properties; (3) Pursuit of Eagle Premier Litigation; and (4) Avoidance Actions. These categories are more fully described and discussed below.

| DESCRIPTION | HOURS | AMOUNT |
|---|---|---|
| Case Administration | 10.6 | $5,760.60 |
| Sales of Properties | 22.6 | $12,655.00 |
| Pursuit of Eagle Premier Litigation | 503.3 | $257,927.50 |
| Avoidance Actions | 41 | $20,176.50 |
| **Total:** | **577.5** | **$296,509.00** |

7

19. A detailed itemization of the services rendered in each project category for the First Interim Application Period is attached hereto as **Exhibit A-D**, respectively. The categories of services provided by M&S are generally described below and include the following:

**Case Administration**

20. During the Third Interim Application Period, M&S provided the following services relating to Case Administration, totaling 10.6 hours:

    a. Handle insurance on estate properties as they were sold;

    b. Draft motion to convert case from Chapter 11 to Chapter 7;

    c. Objections to proofs of claims;

    d. Respond to subpoenas from IRS and Maryland Insurance Administration, and evaluate motions to quash subpoenas.

**Activities Regarding Sale of Properties**

21. During the Third Interim Application Period, M&S provided the following services relating to Case Administration, totaling 22.6 hours:

    a. Negotiate sale motion and settlement agreement with WCP Fund I, LLC;

    b. Address objections to sale motion and settlement raised by Toorak Capital Partners, LLC;

    c. Attending hearing on contested sale motion and settlement agreement;

    d. Prepare deeds for closing on sales.

**Activities Regarding Pursuit of Eagle Premier Litigation**

19. During the Third Interim Application Period, M&S provided the following services relating to Pursuit of litigation against Eagle Premier Title and five related defendants, totaling 503.3 hours:

a. Continued review more than 20,000 of document production from Eagle Premier Title and various banks;

b. Evaluate sale closing files for each property, including records of wire transactions, in painstaking detail.

c. Draft 32-page, 12-count complaint;

d. Prepare interrogatories and document requests;

e. Respond to Defendants' written discovery requests;

f. Review Defendants' responses to discovery requests;

g. Engage and work with expert witness;

h. Review and respond to third-party complaint filed by Defendants against WCP entities; draft reply in support of WCP motion to dismiss;

i. Subpoena additional bank records;

j. Negotiate several discovery disputes with Defendants counsel;

k. Respond to Defendants' motions to quash;

l. Prepare for and depose key witnesses;

m. Prepare for and attend full day mediation, including mediation statements;

n. Prepare motion for summary judgement;

o. Negotiate and draft settlement Agreement.

**Activities Regarding Avoidance Actions**

19. During the Third Interim Application Period, M&S provided the following services relating to Avoidance Actions, totaling 41 hours:

    a. Investigate and evaluate potential preference claims and avoidance actions;

    b. Draft complaints against four defendants;

    c. Prepare requests for entries of default and default judgments;

    d. Prepare writs of garnishment;

    e. Negotiate settlements of all avoidance actions.

**Expenses.**

20. The expenses incurred by M&S in this this case during the Third Interim Application Period are as follows:

| Expense Category | Total Expenses |
|---|---|
| Delivery Services/Couriers (as cost) | $905.49 |
| Postage | $99.73 |
| Copies/ Records | $1,993.80 |
| Filing Fees | $410.00 |
| Witness Fees | $40.00 |
| Expert Witness Fee | $375.00 |
| Mediator Fee | $1,740.52 |
| Deposition and Transcript Fees | $6,599.70 |
| **Total** | **$12,164.24** |

41. The expenses incurred by M&S are reasonable, customary, and necessary charges for such services as transcripts, photocopying, long distance charges, court/filing fees and delivery services. An itemization of each type of expense and the reimbursement sought for the Interim Application Period is reflected in **Exhibit E**.

10

42. M&S has requested reimbursement of its expenses for the Third Interim Application Period in the amount of $12,164.24. These amounts are reasonable and do not exceed the actual cost to M&S.

## Lodestar Analysis

43. The "lodestar" factors weigh in favor of granting the Application:

(a) <u>The Time and Labor Expended.</u> As discussed above, during the Third Interim Application Period, M&S devoted 577.5 hours, having a value of $296,509.00 at the firm's customary hourly rates, working on behalf of the Trustee. M&S reduced its requested fee for these services by $55,760 to $240,749.00 based on M&S's billing judgment.

(b) <u>The Novelty and Difficulty of the Questions Raised.</u> This case has presented complex and novel legal issues, as set forth in the 12-count complaint filed by the Trustee against Eagle Premier and its affiliates, as well as the difficulty associated with recreating a multi-year, 60+ property flipping scheme perpetrated by various parties.

(c) <u>The Skill Required to Properly Perform the Legal Services Rendered.</u> M&S has brought to bear its extensive experience in commercial bankruptcy and litigation matters in serving as the Trustee's special in these cases.

(d) <u>Opportunity Cost in Pursuing the Instant Matter.</u> M&S has not turned down work based on its role as counsel.

(e) <u>The Customary Fee for Like Work.</u> The hourly rates for the individual attorneys who performed work for the Trustee as counsel are the normal and customary rates charged for their services. M&S believes that the compensation requested is reasonable based upon the customary compensation and reimbursement of expenses charged by M&S and comparably skilled lawyers in comparable bankruptcy and non-bankruptcy matters.

11

(f) <u>Attorneys' Expectation.</u> At the outset of this case, M&S expected to be paid based on its customary hourly rates for services rendered to the Trustee during these bankruptcy cases, subject to any adjustment upward or downward based on a proper application of the "lodestar" factors.

(g) <u>The Time Limitations Imposed by the Client or the Circumstances.</u> Although not a substantial issue in this matter, M&S did work under certain deadlines in order to evaluate and stabilize the estate's assets as quickly as possible.

(h) <u>The Amount in Controversy and the Results Obtained.</u>

M&S spent 503.5 hours, with a dollar value of $258,927.50 on litigation with Eagle Premier Title and related defendants. As described above, the work associated with this litigation was voluminous. Ultimately, M&S negotiated a settlement that resulted in payment of $430,000 to the Estate. While the Trustee had anticipated a larger settlement, she ultimately concluded based on a number of factors, that settlement was in the best interest of the estate and that it was not worth risking administrative insolvency to continue to pursue the litigation.

M&S spent 22.6 hours, with a dollar value of $12,655, on the sale of properties to, and settlement with WCP. The settlement with WCP resulted in payment of $64,020 by WCP to the Estate.

M&S spent 41 hours, with a dollar value of $20,176.50, pursuing avoidance actions. M&S resolved all four avoidance actions, with net proceeds to the estate totaling $22,120. In addition, settlement of those actions included disallowance of general unsecured claims totaling $56,896.62.

(i)     The Experience, Reputation and Ability of the Attorneys. M&S has considerable experience in bankruptcy and commercial litigation matters and enjoys a reputation for providing legal services meeting the highest standards of the legal profession.

(j)     The Undesirability of the Case in the Legal Community. The Trustee's case is not undesirable.

(k)     Attorneys' Fees Awarded in Similar Cases. The fees requested by M&S for the Second Interim Application Period are consistent with the fees requested for similar services rendered in bankruptcy and commercial litigation matters of similar complexity by other firms in the area that are comparable in experience and reputation as M&S.

**WHEREFORE**, Miles & Stockbridge P.C. respectfully requests that the Court enter an Order (i) granting the Application; (ii) allowing Miles & Stockbridge's compensation in the amount of $240,749 for services rendered during the Third Interim Application Period; (iii) allowing Miles & Stockbridge's expenses in the amount of $12,164.24 for expenses incurred during the Third Interim Application Period; (iv) Allowing the total requested compensation to M&S in the aggregate amount of $354,019.50 and reimbursement of expenses in the aggregate amount of $14,729.29 on a final basis for the period from March 18, 2021 through July 26, 2024 and (v) granting any such other relief as is just and proper under the circumstances.

| | |
|---|---|
| DATE: November 15, 2024 | /s/ Patricia B. Jefferson<br>Patricia B. Jefferson, Fed. Bar No.: 27668<br>Miles & Stockbridge P.C.<br>100 Light Street, 10th Floor<br>Baltimore, Maryland 21202<br>Tel.: (410) 727-6464<br>Email: pjefferson@milesstockbridge.com |
| | *Counsel for the Chapter 7 Trustee* |

*(formerly Chapter 11 Trustee)*

14

116476\000001\4878-7996-4643.v1